UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tyrone Hurt,                           :
                                       :
            Plaintiff,                 :
     v.                                :        Civil Action No. 06-1663 (CKK)
                                       :
Ms. Osborne,                           :
                                       :
            Defendant.                 :

MEMORANDUM OPINION

In this action brought *pro se* and proceeding *in forma pauperis*, plaintiff sues the former manager of the District of Columbia Housing Authority ("DCHA"), "Ms. Osborne." The docket indicates that the summons and the complaint were served at DCHA and received by a receptionist. *See* Dkt. No. 6. Ms Osborne has not appeared in this action presumably because she has yet to be properly served pursuant to Fed. R. Civ. P. 4(e).[1] Upon review of the complaint, the Court determines that it lacks subject matter jurisdiction and therefore will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which requires dismissal of a case "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter." *Id*.

From what may be discerned of the barely legible complaint, plaintiff alleges that defendant denied him access to his mother's apartment in the District of Columbia after her death in August 2005 because he was not authorized "by [hospital] doctors . . . in writing to enter" the apartment," a reason plaintiff disputes. Compl. at 3. Plaintiff seeks $5 trillion in damages.

---

[1] In response to the Court's Order to provide defendant's full name and an address where she could be personally served, plaintiff acknowledged that he could not provide any more information than previously provided. Dkt. No. 5 (Amended Complaint).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts which bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Plaintiff claims that defendant deprived him of his rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution but he has not stated any facts to support these claims. In addition, the complaint provides no basis for diversity jurisdiction because the parties are not of diverse citizenship. The Court therefore will dismiss the complaint.[2]  A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: January 10, 2007

---

[2] The Court declines to exercise supplemental jurisdiction over plaintiff's common law claims of invasion of privacy, libel and slander, harassment and malicious interference. *See* Compl. at 3. Presumably, plaintiff may seek redress of those claims in the Superior Court of the District of Columbia.