United States District Court for the D.C.
Wash. D.C. 20001

Tyrone Hunt
461 H St. N.W. #517
(202) 289-7836
Wash. D.C. 20001
            Plaintiff
Vs,
Ms. Deobrah Osborne
            Defendant

Civil Action No. 06-1663-(CKK)

Motion for Notice of Appeal in forma pauperis.

Comes now, Tyrone Hunt, the plaintiff, and respectfully moves a Honorable Panel of the U.S. Court of Appeals for the D.C. Circuit, for leave to appeal in forma pauperis, and for the following reasons:

1. The Plaintiff respectfully states that the complaint pursuant to Title 28, Section 1331, 1333, U.S.C., and Title 42, Section 1983, U.S.C. gives this Honorable Court jurisdiction and that moreover, the dismissal of the complaint, pursuant to Fed. R. Civ. P. 12(b)(3), by said this Honorable Court, when, said Defendant never answered said civil complaint, although, she, Ms. Deobrah Osborne, former manager of the D.C.H.A., was was served upon "DCHA" and received by a receptionist.

Moreover, Ms. Deborah Osborne has not appeared in this action presumably because she has yet to be properly served, pursuant to <u>Fed. R. Civ. P. 4(e)</u> was no fault of said plaintiff because service upon summons and the complaint however, legibly, whether, handwritten or typed by typewriter, because of the instructions governing civil complaints is erroneously applied by the Honorable Colleen Kollar-Kotelly, U.S. Dist. Ct. Judge and is in <u>violation of the plaintiffs' Eighth (8th) Amendment Right to the U.S. Constitution</u>. Furthermore, said civil action complaint No. 06-1663 (CKK) was in proper compliance and jurisdiction of this Honorable Court in which said Defendant refused allowance and enter into said plaintiffs' mothers' apartment in the District of Columbia after her death and while she was gravely ill and knowing she was at the point of death which she, Ms. Blanche Ruth Jefferson, eventually dies on Aug. 30, 05, so, therefore, said Defendants' was in violation <u>of the Defendants' Eighth (8th) Amendment Right to the U.S. Constitution</u>

2. The Plaintiff respectfully states that it said U.S. Dist. Ct. for D.C. declines to exercise supplemental jurisdiction over the plaintiffs' common law claims of invasion of privacy, libel and slander, harassment and malicious interference, which said U.S. Dist. Ct. for the D.C. may seek redress of those claims in the Superior Court of the D.C., is also erroneous because said claims of invasion of privacy, libel and slander, harassment and malicious interference is relevant in said U.S. Dist. Ct. for the D.C. because said claims are violations and can be decided in any jurisdiction where applied, so, therefore, said U.S. Dist. Ct. for the D.C. is in violation of the plaintiffs' Fifth (5th) and Eighth (8th) Amendment rights to the U.S. Constitution.

3. The Plaintiff respectfully states that said claims that Defendants deprived him of his rights under the Fifth (5th), Eighth (8th), and Fourteenth (14th) Amendments rights to the U.S. Constitution but he has not stated any facts to support these claims, is erroneously applied because of the contents of said civil action complaint mentioned herein

and that, Furthermore, the complaint provides no basis for diversity jurisdiction because the parties are not of diverse citizenship is also erroneous because of the jurisdiction of this civil complaint in the U.S. Dist. Ct. for the D.C. The matter of diverse citizenship is no issue and also erroneous and said <u>Memorandum Opinion is in violation of the Plaintiffs Eighth (8th) Amendment Right to the U.S. Constitution.</u> Furthermore, the discerned of the <u>barely legible</u> complaint by said Honorable U.S. Dist. Ct. for the D.C., Judge, Colleen Kollar-Kotelly, is errousely applied because of the written <u>Memorandum Opinion and the written instructions by the U.S. Dist. Ct. for the D.C. to file a civil complaint. See: Instructions of the U.S. Dist. Ct. for the D.C. to file a civil complaint.</u> Furthermore, sent to the U.S. Dist Ct. for the D.C., and Courts Order to provide said Defendants' full name and an address where she could be personally served was sent via mail upon request by said plaintiff in response to said Courts Order (Ms. Deobrah Osborne,) where she could be personally served but at the

before said Court Order to provide full name and an address, said Plaintiff could not provide said Defendants' full name except for Ms. Osborne, Manager, DCHA, and only found-out late that her full name was Deborah Osborne, through father, Court research.

So, that on, said Plaintiff has complied completely with this Honorable Courts' compliance in civil action No. 06-1663(CKK).

### Memorandum of Law.

1. See: Fifth (5th), Eighth (8th), and Fourteenth (14th), Amendment Rights to the U.S. Const.

Also See: Original Complaint; the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

### Relief

1. The Plaintiff seeks five (5) trillion in damages in punitive and monetary damages against said Defendants' in the U.S. Dist. Ct. for the D.C. and five (5) trillion dollars in punitive and monetary damages in the Panel of the U.S. Court of Appeals for the D.C. Cir.

## Certification of Service

I, Tyrone Hut, the Plaintiff, and respectfully states that I have upon this 20th day of Jan, 06, have sent the foregoing motion, to the U.S. Court of Appeals for the D.C. Circuit, to make service upon the Att's. for the Defts.

## Supplement Information by said Plaintiff in the Civil Action No. 06-1663(CKK)

1. Whether the Court Order entered on the date of Jan, 10, 07, was an abuse of its discretion and inconsistent to the Fifth (5th), Eighth (8th), and Fourteenth (14th) Amendment rights to the U.S. Const.

Respectfully submitted,
Tyrone Hut
(Plaintiff, Pro-se)